

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-27-2008

# Jacobs v. Bayha

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4090

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Jacobs v. Bayha" (2008). *2008 Decisions.* Paper 323.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/323

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4090
_____

ANDRE JACOBS,
                                        Appellant

v.

DEBORAH BAYHA; JEREMY DELANO; ROBERT POTTER; JOE MOREHEAD;
ROBERT HOLTZ, U.S. Federal Marshals; MICHAEL COSTELLO; TORIANO;
TAMMY MARTIN-CESARINO, Correctional Officers

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 07-cv-00237)
District Judge:  Honorable Joy Flowers Conti

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 16, 2008
Before: MCKEE, SMITH and CHAGARES, <u>Circuit</u> <u>Judges</u>

(filed: October 27, 2008)
_____

OPINION
_____

PER CURIAM

        Andre Jacobs appeals, pro se, from the order of the United States District Court for

the Western District of Pennsylvania dismissing his case for failure to prosecute.  We will

vacate and remand for further proceedings.

I.

Jacobs, who is an inmate incarcerated by the Pennsylvania Department of Corrections, was allegedly assaulted and mistreated by federal marshals and state correctional officers at the Federal Building and Courthouse in Pittsburgh during the course of a pro se civil rights trial. He therefore sought to initiate a federal action against these individuals, and it appears that Jacobs attempted to send the complaint to the District Court via the prison mail system several times in February 2007. Specifically, the District Court received a copy on February 23, 2007. An apparently identical copy of the complaint was also mailed from the prison on February 22, 2007, and received on February 26, 2007. Believing that the documents were different, the District Court Clerk initially started a second action for the February 26 complaint. (W.D. Pa. Civ. No. 08-cv-00239). Recognizing the mistake, the District Court ultimately closed the second action and allowed Jacobs to proceed with the current case.

In turn, the Magistrate Judge permitted Jacobs to proceed in forma pauperis in the current case, and his complaint was accordingly filed on April 4, 2007. The Magistrate Judge then ordered him to provide the District Court Clerk with service instructions, completed notices and waivers of summons ("notices"), and copies of the complaint for each defendant by May 1, 2007. Claiming that he previously furnished the requested documents, Jacobs moved to vacate. The Magistrate Judge, however, denied his motion in an order entered on April 24, 2007. According to this order, the District Court

2

previously received nothing but the complaint itself. Jacobs appealed to the District Court, claiming that the documents were mailed on February 7, 2007. He also filed a motion for a docket sheet in which he stated that the documents were sent to the District Court on February 7, 2007, and again on February 19, 2007. The Magistrate Judge denied the docket request, stating that "[t]he court has reviewed the docket sheet, and no such entry [for service copies and instructions] exists at either this docket or at Civil Action No. 07-239." (5/10/07 Order at 1.) Jacobs appealed from the Magistrate Judge's ruling on his docket request.

On May 17, 2007, the District Court affirmed the Magistrate Judge's orders. But "in light of the time elapsed since the appeal of the order dated April 24, 2007," the District Court further extended until June 11, 2007, the "time for plaintiff to provide *proper instructions for service* as required by the order dated April 10, 2007." (5/17/07 Order at 1-2 (emphasis added).) It also forwarded a copy of the docket sheet to Jacobs.

The Magistrate Judge then ordered Jacobs "to show good cause [by July 3, 2007] why this case should not be dismissed because of his failure to comply with this court's order dated May 17, 2007 that directed him to comply with the court order dated April 10, 2007 by June 11, 2007." (6/19/07 Order at 1 (citations omitted).) Jacobs argued in response that he sent the District Court the service instructions, notices, and complaint copies on February 7, 2007, and February 18, 2007. He further claimed that the February 7, 2007 mailing was returned to him for no reason and that he provided excess copies of

3

the complaint on February 22, 2007. Finally, he asserted that he submitted additional service instructions on May 11, 2007. In a report and recommendation filed on July 11, 2007, the Magistrate Judge recommended that the complaint be dismissed for failure to prosecute.

Jacobs then filed a motion for reconsideration as well as objections to the report and recommendation. In addition to reiterating his previous assertions that he mailed the documents, he claimed that the District Court's order of May 17, 2007, only required him to produce the service instructions. He further asserted that additional copies of the complaint and instructions for service were included with his objections.

On October 11, 2007, the District Court ruled on the document question. It expressly stated that Jacobs included "instructions for service as well as notice and waiver forms for each named defendant" in his appeal from the Magistrate Judge's April 24, 2007 ruling denying his motion to vacate. (10/11/07 Memorandum Order at 2.) But the District Court added that he still failed to submit the requisite copies of the complaint. It therefore adopted the report and recommendation and dismissed the case for failure to prosecute. Jacobs responded by filing a timely notice of appeal, and he has been granted leave to appeal in forma pauperis.[1]

II.

---

[1] We have appellate jurisdiction over this matter pursuant to 28 U.S.C. § 1291.

4

By adopting the Magistrate Judge's report and recommendation, the District Court appropriately recognized that the following Poulis factors govern whether to dismiss a case for failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (emphasis omitted). While we review the District Court's dismissal for an abuse of discretion, it is also well established that a dismissal represents a drastic and extreme sanction. See, e.g., id. at 867-68. Under the present circumstances, we find that the District Court erred by adopting the report and recommendation and dismissing this pro se case.

Turning to the specific Poulis factors, the report and recommendation properly acknowledged that the second factor should not be weighed against Jacobs because of the apparent lack of specific prejudice to the as-yet unserved defendants. But the report and recommendation further stated that Jacobs acted willfully and in bad faith because he allegedly failed to comply with several court orders and to honor his general obligation as the plaintiff to submit the documents necessary for service of process. Willfulness, however, generally involves "intentional or self-serving behavior." Adams v. Trs. of N.J. Brewery Employees' Pension Tr. Fund, 29 F.3d 863, 875 (3d Cir. 1994). Neither the Magistrate Judge nor the District Court specifically found that Jacobs engaged in this

5

kind of behavior, and it does not appear that the failure to provide the requisite documents actually furthered Jacobs's own interests in this litigation. As Jacobs discusses in some detail in his informal brief, he also filed several motions and other responses in which he argued that he did submit the requisite documents to prison officials for mailing and even included inmate cash slips in support of his contention. While the District Court found the mailing allegation "simply not credible," the multiple motions and filings by Jacobs did indicate an absence of wilfulness or bad faith on his part. (10/11/07 Memorandum Order at 4.) We are also unable to accept the finding that Jacobs "has no interest in moving this case along expeditiously." (7/11/07 Report & Recommendation at 4.)

The District Court likewise did not adequately address the fifth and sixth factors under Poulis. With respect to the "effectiveness of sanctions" factor, the report and recommendation focused on the futility of an award of attorneys' fees against a pro se litigant, without expressly considering any other sanctions less drastic than a dismissal of the entire case *with prejudice*. See, e.g., Landon v. Hunt, 977 F.2d 829, 833 (3d Cir. 1992) (indicating that dismissal for failure to prosecute was with prejudice). Furthermore, neither the District Court nor the Magistrate Judge discussed whether Jacobs's underlying claims have merit, with the report and recommendation simply stating that the sixth factor would be weighed neither in favor of nor against Jacobs. Nevertheless, the substantive claims themselves do not appear to be lacking completely in merit, at least for purposes of the Poulis inquiry.

Furthermore, the procedural history of the case weighs against a dismissal for failure to prosecute. In particular, Jacobs emphasizes that the District Court's own May 17, 2007 order expressly required him to provide "proper instructions for service" and did not specifically refer to the submission of either notices or copies of the complaint. (5/17/07 Order at 1-2.) While the District Court pointed out that the order also affirmed the Magistrate Judge's rulings requiring, among other things, the filing of service copies of the complaint, it is understandable that Jacobs, a pro se litigant, would believe that he only had to provide the service instructions. Furthermore, the District Court in its final ruling acknowledged that both the service instructions as well as the notice forms were submitted to the District Court *before* the May 17, 2007 order. At the very least, this subsequent statement further complicated this litigation, especially because the report and recommendation itself stated that the District Court never received either proper service instructions or service copies of the complaint.

Admittedly, Jacobs bore personal responsibility for the conduct of his pro se case, and he also evidently demonstrated "a protracted history of dilatoriness." (7/11/07 Report & Recommendation at 4.) We also emphasize that Jacobs still has an obligation to comply with court orders and to submit any documents necessary for service of process. Based on the District Court's October 11, 2007 ruling, it therefore appears that he still needs to provide the requisite number of complaint copies to the District Court. Nevertheless, most of the Poulis factors, together with the problems arising out of the

7

proceedings in the District Court itself, weigh heavily against the drastic sanction of dismissal. In light of the established presumption that "doubts should be resolved in favor of reaching a decision on the merits," Scarborough v. Eubanks, 747 F.2d 871, 878 (3d Cir. 1984) (citation omitted), we must conclude that the District Court's dismissal was an abuse of discretion.[2]

### III.

For the foregoing reasons, we will vacate the judgment of the District Court and remand for further proceedings.

---

[2] We, however, reject Jacobs's unsupported requests for this case to be transferred to a different court and "for instructions to the court to serve the defendants at their own expense." (Appellant's Br. at 5.)

8